MAX ALLEN KELLEY V. STATE.

No. 30,941. October 28, 1959.

No attorney for appellant of record on appeal.

*Henry Wade,* Criminal District Attorney, *H. Dustin Fillmore, Ben. F. Ellis, Phil Burleson,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is robbery; the punishment, 30 years.

The state's evidence shows that the injured party, Cleveland Withrow, was employed at a Seven-Eleven Store in the city of Grand Prairie. On the day in question while he was on duty alone at the store a man came in around 1:25 P.M. and demanded that he give him all his money. After the man had exhibited a pistol and pointed it at the injured party he gave the man approximately $102 from two cash registers. Thereupon the man left after ordering the injured party into a vault. Appellant was identified by the injured party the following day at a police lineup and at the trial as the man who had robbed him. In his testimony the injured party stated that on the occasion in question he was in fear of his life and that the money was taken without his consent. It was further shown that on the same afternoon, after the robbery, the appellant went to a J. C. Penney store in Grand Prairie, where he purchased a new set of khakis and changed clothes and also registered at a hotel under an assumed name.

Testifying as a witness in his own behalf, appellant admitted that he was in Grand Prairie on the day in question, and admitted changing clothes at the J. C. Penney store and registering at the hotel under an assumed name but denied going to the Seven-Eleven store and robbing the injured party. Appellant also testified that he had been previously convicted of the offense of assault with intent to murder, driving while intoxicated, second offense, and both felony and misdemeanor theft.

The record contains no formal or informal bills of exception and there are no objections to the court's charge.

We find the evidence sufficient to support the court's judgment.

The judgment is affirmed.

Opinion approved by the Court.